IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00516-M-KS

SHERRY A. MOORE,

    Plaintiff,

v.

HOLLY HILL HOSPITAL,

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Kimberly A. Swank [DE 37]. On frivolity review, Judge Swank recommends that this court dismiss Plaintiff's federal claims for failure to state a claim and decline to exercise supplemental jurisdiction over her remaining defamation claim. DE 5 at 7. On March 5, 2024, Plaintiff filed a timely objection. DE 6. The matter is ripe for review.

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

Plaintiff's objection does not identify a specific error in the M&R's rationale. *See* DE 6. Instead, she provides self-produced transcriptions of "voice recordings" captured during her employment and argues that they provide evidence in support of her claims. *Id.* at 1. Plaintiff does not identify which portions of the M&R these supplemental materials refute, and in any event, they do nothing to address the pleading deficiencies identified by Judge Swank in Plaintiff's complaint. Accordingly, Plaintiff's objection is not sufficiently particularized to trigger *de novo* review. *See Orpiano*, 687 F.2d at 47.

Upon a review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's federal claims are DISMISSED. The court declines to exercise supplemental jurisdiction over the remaining state law claim. The Clerk of Court is DIRECTED to close the case.

SO ORDERED this 7th day of August, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE